**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Okonkwo, | No. CV-15-01199-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Intel Corporation, et al., | |
| Defendants. | |

On June 25, 2012, Charles Okonkwo began working as a process engineer for Intel Corporation. Okonkwo initially reported to Greggory Gargano, who was succeeded by Sean Singer as his manager. Troy Greiert was the area manager for Okonkwo's department. Okonkwo describes himself as a black man, whose national origin is Nigeria, and alleges that because of his race and national origin, he was disparaged, insulted, racially harassed, demeaned, and treated with hostility by Intel personnel. He claims Gargano compromised and neglected his training and subjected him to a hostile work environment with the intent of terminating his employment. After Gargano was no longer employed by Intel, Singer engaged in the same behavior.

On December 13, 2013, Intel placed Plaintiff on a Performance Improvement Plan ("PIP"). Okonkwo complained to management regarding the PIP, and filed a written complaint with human resources on January 26, 2014 regarding his employment at Intel. On March 12, 2014, Okonkwo received an Improvement Required rating and was placed on a Corrective Action Plan.

Okonkwo filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2014, alleging discrimination based on age, race, and national origin as well as retaliation. Okonkwo and Intel participated in mediation, but were unable to reach an agreement. On June 27, 2014, Intel terminated Okonkwo. Okonkwo then filed an EEOC complaint for retaliation on July 17, 2014.

Okonkwo filed the instant lawsuit against Intel on June 29, 2015, bringing a claim of retaliation under Title VII of the Civil Rights Act. (Doc. 1.)[1] In his complaint, Okonkwo alleges that Intel retaliated against him for: (i) filing an EEOC charge, (ii) refusing to withdraw the charge, and (iii) refusing to settle the charge. (Doc. 1 ¶ 70.) Intel has moved for summary judgment. (Doc. 62.) Having viewed the evidence in the light most favorable to Okonkwo, the Court finds that there is no genuine issue as to any material fact and Intel is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, Okonkwo has not demonstrated a *prima facie* case of unlawful retaliation. In order to establish a prima facie case of retaliation, "the employee must show that he engaged in a protected activity, he was subsequently subjected to an adverse employment action, and that a causal link exists between the two." *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011). To meet his burden to show that he engaged in protected activity, Okonkwo must show that he reasonably believed Intel engaged in a discriminatory practice, and opposed the unlawful practice by specifically referring to the unlawful practice. *See E.E.O.C. v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983); *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) ("the opposed conduct must fairly fall within the protection of Title VII to sustain a claim of unlawful retaliation").

---

[1] Okonkwo also named individual managers and other Intel personnel who were subsequently dismissed on motion by Defendants. (Doc. 29.)

2

On summary judgment, Okonkwo now argues[2] that Intel retaliated against him by subjecting him to further disciplinary action after he filed a complaint with human resources about Gargano. (Doc. 82 at 7-8.) Assuming that Okonkwo reasonably believed he was subject to a hostile work environment because of his race, or that Gargano failed to provide him with adequate training because of his race, he fails to direct the Court to any testimony or evidence that shows that prior to any of the disciplinary actions he complains of, he reported any discriminatory conduct. In the written complaint submitted to human resources in January of 2014, Okonkwo makes no reference to Gargano's racially discriminatory conduct. (*See* Doc. 63-5, Exh. F.)[3] In his various filings, Okonkwo points to no evidence in the record that shows he informed human resources or anyone at Intel concerning racially discriminatory conduct. (*See e.g.,* Doc. 90 ¶¶ 16-25, 42-51; Docs. 82-84.) Okonkwo's scattered references to complaints he made concerning Gargano make no reference to race, nor do they implicate any form of discriminatory conduct. (*See* Doc. 83 ¶¶ 9, 20; Doc. 84 ¶ 12; Doc. 90 ¶¶ 16-25, 42-51.)

It follows that without *some* evidence that Okonkwo reported Gargano's race or national origin-based remarks or conduct (whatever they may be), his written and/or oral complaints cannot be viewed as opposing an unlawful practice under Title VII, and do not constitute protected activity. *See Crown Zellerbach*, 720 F.2d at 1013; *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1411 (9th Cir. 1987). Okonkwo's unsupported, vague, and conclusory assertion on summary judgment that he was unlawfully retaliated against is not sufficient to create a genuine issue of fact for trial. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1064, n. 10 (9th Cir. 2002) ("At summary judgment, this

---

[2] Okonkwo has abandoned his retaliation claim that Intel terminated him for filing an EEOC complaint. *See Estate of Shapiro v. U.S.*, 634 F.3d 1055, 1060 (9th Cir. 2011); *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008) ("We have previously held that a plaintiff has 'abandoned ... claims by not raising them in opposition to [the defendant's] motion for summary judgment.'") (quoting *Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)).

[3] The only reference to race in Okonkwo's 19-page written complaint is a passing reference that Greiert "might be predisposed to treating black people differently." (Doc. 63-5 at 17, Exh. F.) This fact is insufficient to create a triable issue that he engaged in protected activity.

court need not draw all possible inferences in [plaintiff's] favor, but only all *reasonable ones*."). Thus, Okonkwo's failure to establish any causal link between some protected activity and any subsequent discipline is fatal to his claim for relief. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) ("[A] plaintiff making a retaliation claim… must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

Okonkwo has failed to show there is sufficient evidence of retaliation to create a genuine dispute for trial, and Intel is therefore entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 62) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this case and enter judgment accordingly.

Dated this 31st day of March, 2018.

Honorable Steven P. Logan
United States District Judge